In re Robert A. ERKINS and
Bernardine M. Erkins,
Debtors.

No. 9:03–bk–10502–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 17, 2006.

Geoffrey S. Aaronson, Adorno & Zeder,
P.A., Miami, FL, for Debtors.

## ORDER ON AMENDED MOTION FOR RECONSIDERATION
(Doc. No. 350)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration is an Amended Motion for Reconsideration (Doc. No. 350) of a previous Order of Dismissal entered by this Court in the above-captioned Chapter 11 case upon the United States Trustee's Motion to Dismiss Case or Convert Case or, in the Alternative, for the Appointment of a Chapter 11 Trustee or Examiner (Doc. No. 307). The Court dismissed the case on June 19, 2006, after hearing argument in support of and in opposition to the U.S. Trustee's Motion. Mr. Robert Alter Erkins and his wife, Bernardine Morris Erkins ("Debtors") filed their Amended Motion for Reconsideration on July 6, 2006. The Debtors contend that their Motion should be granted because the defects in their Chapter 11 case that led to its dismissal have been resolved. A hearing was held on August 8, 2006, at which time the Court heard arguments of counsel in support and in opposition to the Amended Motion and took the matter under advisement.

The facts relevant to the resolution of this matter are as follows:

The Debtors filed their Petition for relief under Chapter 11 of the Bankruptcy Code on May 21, 2003. Initially the Debtors were represented by Geoffrey S. Aaronson (Mr. Aaronson) of the law firm of Adorno & Yoss, LLP. However, on Octo-

ber 21, 2005, Mr. Aaronson, on behalf of Adorno & Yoss, filed a Motion to Compel the Meglon Trust to Pay Second Interim Fee Award or in the Alternative, Motion to Withdraw (Doc. No. 242). On December 7, 2005, this Court entered its Order Authorizing Adorno & Yoss, LLP Leave to Withdraw as Counsel for Debtors (Doc. No. 269). As a result of the December 7, 2005, Order, the Debtors no longer had legal representation.

On February 21, 2006, the U.S. Trustee filed a Motion to Dismiss Case or Convert Case or, in the Alternative, for the Appointment of a Chapter 11 Trustee or Examiner (Doc. No. 307). In its Motion to Dismiss, the U.S. Trustee contended that no Plan or Disclosure Statement had been filed with the court during the pending three years. The U.S. Trustee further asserted that the primary litigation in this case is between the Debtors and the Internal Revenue Service, ("IRS") which is unlikely to be resolved in the near future. The U.S. Trustee's Motion also contended that the Debtors' low income and absence of nonexempt assets to pay creditors demonstrated that the Debtors would be unable to expeditiously rehabilitate their financial affairs.

On May 3, 2006, this Court entered an Order on the U.S. Trustee's Motion, denying the Motion without prejudice, provided (1) the Debtors filed an application to employ counsel by April 27, 2006; and (2) the Debtors filed a Plan and Disclosure Statement by May 12, 2006. The Order further provided that the ruling on the Motion to Appoint a Trustee or an Examiner was deferred, pending compliance with the Order by the Debtors and, in the event the Debtors failed to timely file an application to employ counsel and a Plan and Disclosure Statement on or before the date fixed by the Order, the Court would schedule a further hearing on the Motion.

At the rescheduled hearing the Court considered the Motion to Dismiss and, having found that by their failure to file an application to employ counsel the Debtors had failed to comply with the terms of the May 3, 2006, Order, the Court concluded that granting the relief sought in the Motion was warranted.

This Court reviewed the entire history of this Chapter 11 and, based on the record, concluded that for the reasons indicated earlier and set forth in open court it was proper to dismiss the Chapter 11 case for cause pursuant to 11 U.S.C. § 1112(b)(2004). The Court found that the Debtors were unable to propose a Plan and failed to do within the time fixed by the Court, they do not have a reasonable likelihood of effectuating a Plan, and there has been an unreasonable delay that was and is prejudicial to the creditors. The Court also found that neither a Chapter 11 trustee nor an examiner would be able to effectively resolve the problems and the issues involved in this case. Therefore, it was not warranted to appoint either a Chapter 11 trustee or an examiner.

The Debtors, having been aggrieved by this Order, filed this Motion and then an Amended Motion for Reconsideration of the Order Dismissing the Chapter 11 case entered June 19, 2006. The Motion is based on F.R.Civ.P. 60(b), as adopted by F.R.B.P. 7060(b), which provides:

"On motion and upon such terms as are just, the court may relieve party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."

The Amended Motion was scheduled for hearing in due course, at which time this Court heard argument by Mr. Shulkins, who was admitted pro hac vice, to repre-

sent these Debtors, in support of the Motion. Mr. Shulkins' argument was basically focused on two items, which according to counsel would warrant granting the reinstatement of the Chapter 11 case. First, he stated that the Debtors had now secured the services of a local attorney, who would file an application to be retained shortly and, second, Mr. Shulkins already had prepared a draft of a Plan which, after some refinement, could be filed shortly together with a Disclosure Statement. Mr. Shulkins also asserted that the claim litigation with the IRS may be capable of expeditious resolution by this Court and, because the bases for the dismissal are now cured, the Motion should be granted and the Chapter 11 case should be reinstated.

A close analysis leaves no doubt that Mr. Shulkins' framing of the issues was a gross simplification of the basis for the dismissal. While it is true that Order was based in part on the Debtors' lack of legal representation and failure to file a Plan and Disclosure Statement as ordered, the deficiencies in the Debtors' case were far more pervasive than counsel would have this Court believe. The Order of Dismissal set forth in detail the findings, which, in this Court's judgment were "ample cause" for dismissal. From this, it follows that the fact that the Debtor is now able to obtain local counsel and that a Plan is being worked on and could be filed shortly would not resolve the other deficiencies and the delays. Most significantly, counsel's argument totally ignores the Debtors' problem with the IRS, which concededly cannot be resolved with finality in the near future, regardless of how expeditiously the objection to the IRS's claim is processed in this Court.

The claim of the IRS is based on a deficiency assessment made by the IRS for the tax years of 1997 and 1998 in excess of $1 million. It is intimated that a certain litigation currently pending in the Bankruptcy Court for the District of Massachusetts in Boston in the estate of McCabe might somehow form the basis from which to furnish the funding of any Plan the Debtor will propose and will assist the Debtor in obtaining confirmation of the Plan. While the record is exiguous on this point, it appears that the Debtors are not litigants in that lawsuit and, even if the Debtors might possibly benefit from the successful resolution of the lawsuit, if it ever occurs, it would be through a very circuitous route involving an entity known as Meglon Trust. Furthermore, the trustee of the estate of McCabe apparently does not intend to litigate any claims in that estate, contrary to the contention advanced by Mr. Charles Vihon, counsel for Meglon Trust.

In the last analysis, there is clearly nothing new presented in the Amended Motion for Reconsideration except that the Debtors now may have local legal representation and may file a Plan and Disclosure Statement shortly. Based on the background and history of this case concerning the status of these Debtors who have no meaningful income and very few nonexempt assets, it is highly unlikely they ever will be able to achieve an effective reorganization under Chapter 11 within a reasonable time, especially in light of the fact that this Chapter 11 cannot be concluded until the litigation with the IRS is resolved with finality, an event which is highly unlikely to occur in the near foreseeable future.

Based on the foregoing, this Court is satisfied that the Debtors' Motion is not well taken and the case should not be reinstated as a Chapter 11 case. Accordingly, it is

ORDERED, ADJUDGED, AND DECREED that the Debtors' Amended Mo-

tion for Reconsideration (Doc. No. 350), be, and the same is hereby is denied. It is further

ORDERED, ADJUDGED, AND DE-CREED that the previous order dismissing the Debtors' Chapter 11 case is reaffirmed, and the Chapter 11 case stands dismissed.